**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Luis C. ACOSTA, Defendant–Appellant.**

No. 04–1592.

United States Court of Appeals,
Seventh Circuit.

Dec. 29, 2005.

Debra Riggs Bonamici, Office of the United States Attorney, Chicago, IL, for Plaintiff–Appellee.

Richard H. Parsons, Kent V. Anderson, Office of the Federal Public Defender, Peoria, IL, for Defendant–Appellant.

Before Hon. Frank H. EASTERBROOK, Hon. Kenneth F. RIPPLE, and Hon. Ann Claire WILLIAMS, Circuit Judges.

### ORDER

Luis Acosta pled guilty to conspiracy to import heroin into the United States, using a communication facility in the commission of a felony, and distribution of a controlled substance. The district court sentenced him to 168 months' imprisonment, the low end of the range recommended by the then-mandatory United States Sentencing Guidelines, and five years of supervised release. Acosta appealed, contending his sentence was improper under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We reviewed his contention using the plain error standard of review. In accordance with the procedure we announced in *United States v. Paladino*, 401 F.3d 471 (7th Cir.2005), we ordered a limited remand on July 29, 2005 to ask the district court whether it would have imposed the same sentence knowing the Guidelines were advisory.

The district court judge responded, "If I had known the Sentencing Guidelines were advisory rather than mandatory, I cannot conclude that I would have imposed the same sentence I imposed in this case." As the government acknowledges, the district court's response to our limited remand demonstrates that plain error has been shown. As a result, we VACATE Acosta's sentence and REMAND to the district court for resentencing.